# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| RAMON A. SOLIS AND ANGEL SOLIS ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | CASE NO. 1:19-cv-153 |
| ) | |
| ALLSTATE INSURANCE COMAPANY ) | |
| a corporation, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiffs, RAMON A. SOLIS AND ANGEL SOLIS, by and through their undersigned attorney and for the relief hereinafter requested, allege as follows:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiffs, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2. The property made the basis of this action is located at 4636 Briarwood Lane, Port Arthur, Texas 77642 (hereinafter referred to as the "insured property"). The insured property is situated in the Eastern District of Texas, Beaumont Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3. The Plaintiffs, RAMON A. SOLIS AND ANGEL SOLIS, are husband and wife who were and still are the owners of the insured property and have been at all times material to the allegations set forth in the Complaint.

4. The Defendant, ALLSTATE INSURANCE COMPANY (hereinafter referred to as Allstate) is a private insurance company qualified to do business in the state of Texas and participates in FEMA's "Write Your Own" (WYO) program. Allstate issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## FACTUAL ALLEGATIONS
## BREACH OF CONTRACT

5. On October 20, 2016, Allstate issued an SFIP to the Plaintiffs, namely, Policy No. 4802701981, for a one (1) year period, whereby Allstate agreed to pay the Plaintiffs for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Allstate to the Plaintiffs during the above-referenced time period.

6. The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling and other structures as described under Coverage A up to a limit of $200,000; flood damage to Plaintiff's personal property and contents under Coverage B up to a limit of $80,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to

comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7. On or about August 29, 2017, the storm surge, tidal water and rain associated with Hurricane Harvey directly caused the inundation of the Plaintiffs' land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their building and contents and incurred expenses for debris removal and safe storage of their property.

8. The Plaintiffs timely notified the Defendant of their loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiffs. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is furnished as " a matter of courtesy only". As a result, payment was made to the Plaintiffs pursuant to their SFIP for loss or damage to their building.

9. Plaintiffs disagreed with the Defendant's estimate and payment. On July 12, 2018, as required by SFIP, Art.VII.J.4., Plaintiffs submitted a signed Proof of Loss with supporting documentation to Allstate for the amount they claimed under their SFIP. Plaintiffs objected to the estimate and payment made by Allstate on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiffs' dwelling and their community; and, the adjuster used inappropriate and/or inadequate methods of repair.

10. The above described SFIP was in full force and effect at the time of the Plaintiffs' loss and they have performed all conditions precedent entitling them to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiffs have not been fully paid or compensated for damage to their building and contents.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for an amount up to and including the coverage limits under Coverage A and Coverage B; any and all other amounts payable under said policy; costs and case expenses incurred in filing this action; and, any and all other appropriate relief to which the Plaintiffs may be entitled.

    Respectfully submitted,

    THE CARLSON LAW FIRM, P.C.
    100 E Central Texas Expressway
    Killeen, Texas 76541
    Telephone: (254) 526-5688
    Facsimile: (254) 526-8204
    ccarlson@carlsonattorneys.com

BY: */s/ Craig W. Carlson*
    Craig W. Carlson
    Attorney-in-Charge
    Texas State Bar No. 00792039
    ATTORNEY FOR PLAINTIFF